**Terrell ARMSTRONG, Plaintiff–Appellant,**

v.

**LAB ONE, INC., Defendant–Appellee.**

No. 04–15061.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Nov. 28, 2005.

Laurence F. Padway, Alameda, CA, for Plaintiff–Appellant.

Thomas M. Herlihy, Esq., Sean P. Nalty, Esq., Michelle Y. McIsaac, Kelly Herlihy & Klein, LLP, San Francisco, CA, for Defendant–Appellee.

Before: BEEZER, KOZINSKI, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Terrell Armstrong appeals the district court's grant of summary judgment to Lab One, Inc., in Armstrong's action for long-term disability benefits from Lab One's Employee Retirement Income Security Act[1] plan, which was administered and insured by Unum Life Insurance Company of America. We affirm.

Because it is agreed that the plan conferred discretion upon Unum and because

no serious conflict of interest was shown, the administrator's denial of benefits to Armstrong is reviewed for an abuse of discretion. See *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan,* 410 F.3d 1173, 1178 (9th Cir.2005); *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 875–76, 878 (9th Cir.2004).

Unum did not abuse its discretion when it determined that Armstrong's knee condition was preexisting within the meaning of the plan's terms. The history prior, during and after the relevant preexisting condition period supports and permits that determination.[2]

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See 29 U.S.C. §§ 1001–1461.

2. Armstrong's argument that Unum's reliance upon opinions of non-examining physicians and

nurses violated *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589–91, 113 S.Ct. 2786, 2795–96, 125 L.Ed.2d 469 (1993) principles was waived when he failed to raise it before the district court. See *United States v. Alisal Water Corp.,* 370 F.3d 915, 923 (9th Cir.2004); *Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996).